1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

CARLOS A. ESCOBAR,

     Petitioner,

vs.

ANTHONY SCILLIA, et al.,

     Respondents.

Case No. 2:10-cv-01973-KJD-NJK

**ORDER**

     Before the court are the amended petition for writ of habeas corpus (#11), respondents' motion to dismiss (#23), petitioner's opposition (#26), and respondents' reply (#29).  The court grants respondents' motion in part, finding that petitioner has not exhausted all of his grounds for relief and that one ground is procedurally defaulted.

     Originally, the state brought two criminal cases against petitioner.  In Case No. C143183, petitioner was charged with discharging a firearm at or into a vehicle, attempted murder of Wilfredo Sanchez with the use of a deadly weapon, and murder of Daniel Arreguin with the use of a deadly weapon; these events occurred on September 28, 1995.  In Case No. C147772, petitioner and co-defendant Jose Flores were charged with murder of Francisco Cabral with the use of a deadly weapon; this event occurred on October 17, 1995.  The two cases then were consolidated.  At trial, the jury found petitioner guilty of all charges originally brought in Case No. C143183, and the jury found petitioner not guilty of the charge originally brought in Case No. C147772. Ex. 159 (#15). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 176 (#16).  Petitioner then filed in state district court a post-conviction habeas corpus petition. Ex. 182 (#16).  Appointed counsel

1   filed a supplement to the petition.  Ex. 207 (#17).  The state district court denied the petition.  Ex.

2   211 (#17).  Petitioner appealed, and the Nevada Supreme Court affirmed.  Ex. 236 (#17).  Petitioner

3   then commenced this action.

4        Respondents first argue that petitioner has not exhausted his available state-court remedies

5   for all his grounds.  Before a federal court may consider a petition for a writ of habeas corpus, the

6   petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a

7   ground for relief, a petitioner must fairly present that ground to the state's highest court, describing

8   the operative facts and legal theory, and give that court the opportunity to address and resolve the

9   ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459

10  U.S. 4, 6 (1982).

11       "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state

12  remedies only if he characterized the claims he raised in state proceedings specifically as federal

13  claims.  In short, the petitioner must have either referenced specific provisions of the federal

14  constitution or statutes or cited to federal case law."  Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir.

15  2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law that

16  applies federal constitutional principles will also suffice.  Peterson v. Lampert, 319 F.3d 1153, 1158

17  (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal error is

18  insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional principles,

19  such as due process, equal protection, and the right to a fair trial, are insufficient to establish

20  exhaustion."  Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

21       Petitioner admits that he has not presented the issues contained in grounds 3, 4, 5, and 6 to

22  the state courts.

23       Ground 1 is a claim that the jury instruction on willfulness, deliberation, and premeditation,

24  which are elements of first-degree murder, blurred the distinctions among the three elements, in

25  violation of the Due Process Clause of the Fourteenth Amendment.  The trial court gave the

26  instruction approved by Kazalyn v. State, 825 P.2d 878 (Nev. 1992).  Then, in Byford v. State, 994

27  P.2d 700 (Nev. 2000), the Nevada Supreme Court determined that the Kazalyn instruction blurred

28  the distinctions among the three elements, and the Nevada Supreme Court outlined a new

1    instruction to give to the jury.  In Polk v. Sandoval, 503 F.3d 903 (9th Cir. 2007), the court of

2    appeals held that the Kazalyn instruction was unconstitutional because it allowed a jury to find a

3    person guilty of first-degree murder without finding all the elements.  Finally, in Nika v. State, 198

4    P.3d 839 (Nev. 2008), the Nevada Supreme Court determined that Byford was a change in the law

5    regarding the elements of first-degree murder, and that the change applies to convictions which were

6    not yet final at the time of the Byford decision.[1]

7         Byford applies to petitioner because his direct appeal was pending at the time of the Byford

8    decision.  However, petitioner did not raise the issue of the Kazalyn instruction on direct appeal.

9    Petitioner did raise the issue in his post-conviction state habeas corpus petition.  Ultimately, the

10   Nevada Supreme Court held that the issue was barred pursuant to Nev. Rev. Stat. § 34.810.[2]  Ex.

11   236, at 1-2 (#17).

12        The court is not persuaded by respondents' argument that petitioner has presented new facts

13   to this court.  The essential fact of ground 1 is that the state district court gave an incorrect

14   instruction to the jury.  In the amended petition (#11), petitioner argues how the prosecutor used that

15   incorrect instruction in the closing argument.  Petitioner also argues that the testimonies of

16   witnesses did not establish deliberation if the correct instruction had been given.  Petitioner did not

17   present all of these facts to the state court.  However, none of these additional facts fundamentally

18   alter the claim in ground 1, which is that the trial court gave an incorrect jury instruction.  See

19   Vasquez v. Hillery, 474 U.S. 254, 260 (1986).[3]  Ground 1 is exhausted.

20

21        [1]In Babb v. Lozowsky, ___ F.3d ___, 2013 WL 136033 (9th Cir. Jan. 11, 2013), the court of
     appeals held, among other matters, that Nika effectively overruled Polk.  Petitions for rehearing are
22   pending.

23        [2]The court will discuss this procedural bar further in the context of the procedural default of
     ground 1.
24

25        [3]A tension exists in the law regarding the presentation of new facts in federal habeas corpus
     petitions.  Vasquez held that new factual allegations do not make a ground unexhausted if those new
26   facts do not fundamentally alter the claim considered by the state courts.  Recently, the Supreme
     Court held that when a federal court reviews a claim, the merits of which have been decided by a
27   state court, then pursuant to 28 U.S.C. § 2254(d) the review is restricted to the record that was
     before the state court.  Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011).  In other words, if
28   Vasquez is still good law, then it is possible for a ground alleging new facts to survive a challenge to
     its exhaustion, but the court would be unable to consider those new facts if 28 U.S.C. § 2254(d) is

1    Ground 2 concerns the consolidation of the two criminal cases.  Petitioner moved to sever

2    the charges back to the original two cases, based upon the limitation on admission of evidence of

3    prior bad acts.  See Nev. Rev. Stat. § 48.045.  He argued that the events of September 28, 1995,

4    were not proven by clear and convincing evidence, and thus they could not be admitted into

5    evidence in a trial about the events of October 17, 1995.  Petitioner then argued that because of that

6    inadmissibility, the events on both dates could not be joined into one trial.  Ex. 95, at 5-6 (#14).

7    The trial court denied the motion.  Ex. 115, 116 (#14).  Petitioner did not raise the denial of the

8    motion as an issue on direct appeal.  In ground 2, petitioner claims that appellate counsel provided

9    ineffective assistance because the issue was not raised on direct appeal.

10    Petitioner's method of presenting this claim to the Nevada Supreme Court does not suffice

11    to exhaust ground 2.  In ground 5 of his proper-person state habeas corpus petition, petitioner

12    claimed that the trial court erred in denying the motion to sever.  Ex. 182 (#16).  In ground 5 of his

13    represented supplemental petition, petitioner presented the issue that he had raised in his motion to

14    sever:  Consolidation of the cases resulted in the admission of improper prior-bad-act evidence.  Ex.

15    207, at 42-44 (#17).  The state district court determined that petitioner had waived the claim because

16    he could have raised it on direct appeal.  Ex. 211, at 3 (#17).  Petitioner then raised the issue in the

17    appeal from the denial of his state habeas corpus petition.  Ex. 229, at 28-29 (#17).  Respondents

18    countered that petitioner had waived the issue because he should have raised it on direct appeal.  Ex.

19    230, at 19 (#17).  In his reply brief, petitioner argued:

20           The State contends that this issue should have been raised on direct appeal.  The State argues
       that the issue should be considered waived based upon the failure to Mr. Escobar to raise the

21    matter on appeal (State's Answering Brief pp. 19) . . . .  However, the State fails to recognize
       Mr. Escobar specifically argued that he received ineffective assistance of appellate counsel

22    in failing to raise these issues on direct appeal (Appellant's Opening Brief pp. 19-21).
       Specifically, Mr. Escobar cited state and federal case law for the proposition that Mr.

23    Escobar had a right to effective assistance of counsel on direct appeal. . . .  Therefore, the

24    _____

25    applicable.  The court of appeals has recognized this tension, but has deferred answering the
       question.  Stokley v. Ryan, 659 F.3d 802, 808 (9th Cir. 2011).

26           This court will treat Vasquez and Pinholster as separate questions.  In grounds 1 and 7,
       discussed below, the court rules that new factual allegations do not make the ground unexhausted.

27    This ruling is consistent with Vasquez.  The court also concludes below that ground 1 is
       procedurally defaulted.  Whether the court can consider the new factual allegations in its review of

28    ground 7 on its merits is a question that the court will answer when the court turns to the merits.

-4-

1
2
> State's contention that this issue should have been raised on direct appeal is correct.
> However, Mr. Escobar received ineffective assistance of counsel for failure to raise this issue
> on direct appeal.

3   Ex. 235, at 14-15 (#17).  The Nevada Supreme Court held that petitioner had waived the issue of the

4   joinder of the counts and the admission of prior-bad-act evidence because petitioner could have

5   raised the issue on direct appeal.  Ex. 236, at 3 (#17).  Additionally, the Nevada Supreme Court did

6   not agree with petitioner that he had raised a claim of ineffective assistance of counsel:

7
8
9
> In his reply brief, Escobar asserts that he intended to frame this issue as one that appellate
> counsel was ineffective for failing to raise.  Escobar did not frame it this way and the claim
> is waived. . . .  Even so, it had little chance of success on appeal as he was acquitted on the
> charges related to the second incident. . . .

10   Ex. 236, at 3 n.3 (#17) (citations omitted).  Petitioner's statement of exhaustion cites to pages 20-21

11   of his opening brief on post-conviction appeal.  Amended petition, at 26-27 (#11).  The court

12   disagrees.  Those pages contain a statement of the standard for ineffective assistance of counsel, but

13   petitioner did not link that standard to the claim about the denial of the severance motion and the

14   admission of prior-bad-act evidence.  Petitioner did not give fair notice in his opening brief to the

15   Nevada Supreme Court that he was raising a claim that appellate counsel should have raised the

16   issue of the denial of the severance motion on direct appeal.  As for petitioner's presentation of the

17   ineffective-assistance claim in his reply brief, the court agrees with respondents that a reply brief is

18   not a document in which to raise a new claim for relief.  Federal courts have the same rule.  See

19   Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994).  "Submitting a new claim to the

20   state's highest court in a procedural context in which its merits will not be considered absent special

21   circumstances does not constitute fair presentation."  Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.

22   1994) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)).  Consequently, ground 2 is not

23   exhausted.

24   In ground 7, petitioner alleges that his rights guaranteed by the Confrontation Clause of the

25   Sixth Amendment were violated.  The prosecution witness Georgianna Arellano gave trial

26   testimony that was inconsistent with her prior written statement.  Petitioner tried to admit the

27   written statement into evidence during his cross-examination of Arellano, and the court denied the

28   request.  Petitioner raised this issue on direct appeal.  Ex. 171, at 24-27 (#16).  The Nevada Supreme

1   Court affirmed the district court's ruling. Ex. 176, at 2-4 (#16).  Respondents argue that petitioner

2   presents to this court facts that he did not present to the Nevada Supreme Court.  The court agrees

3   with petitioner that the additional facts do not fundamentally alter the claim.  See Hillery, 474 U.S.

4   at 260.  Ground 7 is exhausted.

5         On the other hand, in ground 10 petitioner alleges new facts that do fundamentally alter the

6   claim.  Petitioner claims that trial counsel failed to conduct a proper investigation of the case.  In his

7   supplemental state habeas corpus petition, petitioner alleged two matters that counsel should have

8   investigated.  First, the prosecution introduced into evidence the preliminary-hearing testimony of

9   Rocky Perez by arguing successfully that Perez was unavailable to testify.  Petitioner claimed that

10   counsel should have contacted Christina Sandoval, the mother of Perez's child, and Rosa Perez, the

11   mother of Rocky Perez, to establish that Rocky Perez actually was available to testify.  Second,

12   petitioner claimed that counsel should have interviewed Vicki Joe Sanchez, because petitioner

13   believed that Sanchez would have testified that Wilfredo Sanchez, whom petitioner was convicted

14   of attempting to murder on September 28, 1995, was running with a gun. Ex. 207, at 42 (#17).

15         Ground 10 also is a claim that counsel failed to investigate, but petitioner has changed the

16   reasons why.  First, petitioner now alleges that Rosa Perez was standing nearby when the events

17   occurred.  The reason for interviewing her has changed from showing that her son, Rocky Perez,

18   was available to testify, to being able to provide eyewitness testimony herself.  Second, petitioner

19   now alleges that Christina Sandoval could have discredited Carlos Cruz, a cooperating witness,

20   because she helped Cruz file a bogus theft report about the gun used in the killing and because Cruz

21   had identified Sandoval falsely as petitioner's girlfriend.  The reason for interviewing her has

22   changed from showing that Rocky Perez was available to testify, to discrediting another witness.

23   Third, petitioner alleges that counsel should have interviewed Vicki Joe Sanchez, but he gives no

24   reason why.  When petitioner claims that counsel failed to investigate the case, the facts that counsel

25   should have investigated are the essential parts of the claims.  By alleging different facts that

26   counsel should have investigated, even if they involved the same witnesses, petitioner has

27   fundamentally altered the claim that he presented to the state courts.  Ground 10 is unexhausted.

28

1    Petitioner argues that he should be excused from the exhaustion requirement because he was

2    denied an evidentiary hearing for his state habeas corpus petition, thus making the post-conviction

3    process ineffective in protecting his rights.  However, petitioner by his own admission has not

4    presented four grounds for relief to the state courts, ground 10 is so different factually from what he

5    presented to the state courts that it is effectively a new ground, and ground 2 has a different legal

6    theory than what petitioner presented to the state courts.  This court cannot state unequivocally that

7    the state courts would again deny petitioner an evidentiary hearing, assuming that petitioner can

8    pass through the procedural bars that he likely would face.

9    Petitioner also argues that the court should not hold that the unexhausted grounds are

10   procedurally defaulted because the state courts would apply procedural bars if he returned to the

11   state courts.  If petitioner returns to state court, he likely will face procedural bars such as Nev. Rev.

12   Stat. § 34.726(1), which is a one-year statute of limitations, and Nev. Rev. Stat. § 34.810, which

13   limits successive petitions.  Both provisions allow a petitioner to demonstrate cause and prejudice to

14   excuse the procedural bars.  This court will not speculate whether the state courts will determine

15   that a petition is procedurally barred, and thus the court will not rule now whether the unexhausted

16   grounds are, in effect, procedurally defaulted.  It is up to petitioner to decide whether he wants to

17   return to state court.

18   The amended petition (#11) is mixed, containing both claims exhausted in state court and

19   claims not exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509,

20   521-22 (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).

21   Respondents argue that ground 1 is procedurally defaulted.  A federal court will not review a

22   claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-

23   law ground that is independent of the federal question and adequate to support the judgment.

24   Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

25            In all cases in which a state prisoner has defaulted his federal claims in state court
             pursuant to an independent and adequate state procedural rule, federal habeas review
26           of the claims is barred unless the prisoner can demonstrate cause for the default and
             actual prejudice as a result of the alleged violation of federal law, or demonstrate that
27           failure to consider the claims will result in a fundamental miscarriage of justice.

28   Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).

-7-

1    To demonstrate cause for a procedural default, the petitioner must "show that some objective

2    factor external to the defense impeded" his efforts to comply with the state procedural rule.  Carrier,

3    477 U.S. at 488.

4    To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial

5    created a possibility of prejudice, but that they worked to his actual and substantial disadvantage,

6    infecting his entire trial with error of constitutional dimensions.'"  Carrier, 477 U.S. at 494 (quoting

7    United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).

8    Petitioner raised the issue in ground 1, the Kazalyn instruction, in his state habeas corpus

9    petition.  The Nevada Supreme Court noted that it was an issue that he could have raised on direct

10   appeal and thus was barred unless he could demonstrate good cause and actual prejudice.  Ex. 236,

11   at 1 (#17) (citing Nev. Rev. Stat. § 34.810).  The Nevada Supreme Court then held that petitioner

12   had shown good cause because his appeal was pending at the time the Nevada Supreme Court

13   decided Byford and changed the instruction on willfulness, deliberation, and premeditation.  Id. at 1-

14   2.  On prejudice, the Nevada Supreme Court held:

15   However, Escobar fails to show prejudice.  At least three witnesses testified that the party
     where the shooting occurred was peaceful until Escobar confronted the victim, asked him if
16   he belonged to a rival gang, and challenged him to fight.  The forensic evidence also strongly
     supports the proposition that Escobar acted willfully and with deliberation:  Escobar shot the
17   surviving victim some half-dozen times, walked to the van from which the victim had
     emerged, and shot into the vehicle, killing one of the occupants who was crouched down
18   inside. . . .  Moreover, the jury was instructed on, and heard sufficient evidence to support,
     Escobar's guilt under NRS 200.450(3) (death resulting from challenge to fight punished as
19   first-degree murder).  Accordingly, Escobar failed to demonstrate that the Kazalyn
     instruction prejudiced him and the district court therefore did not err in denying this claim.
20

21   Ex. 236, at 2 (#17) (citation and footnote omitted).

22   Petitioner argues that the above-quoted holding is not independent of federal law, because it

23   discussed the merits of the case in determining that petitioner had not shown prejudice to excuse the

24   operation of § 34.810.  The court disagrees.  Generally, the procedural bar of § 34.810 is

25   independent of federal law.  Vang v. Nevada, 329 F.3d 1069, 1074 (9th Cir. 2003).  However, the

26   court still must inquire into the specific facts of each case to determine whether the use of the

27   procedural bar in that case was independent of federal law.  Cooper v. Neven, 641 F.3d 322, 332

28   (9th Cir. 2011).  Nevada, like federal courts, uses the definition of prejudice found in Frady for its

-8-

1    procedural bars.  See Hogan v. Warden, 860 P.2d 710, 716 (Nev. 1993).  Frady was convicted of

2    murder in the District of Columbia.  After his trial and appeal, he claimed in a motion pursuant to

3    28 U.S.C. § 2255 that subsequent court decisions disapproved of jury instructions given at his trial,

4    because those instructions allowed the jury to presume malice, which is an element of murder.  456

5    U.S. at 157-58.  This claim was procedurally defaulted because Frady could have raised it on direct

6    appeal or in one of his earlier collateral attacks.  Id. at 158-59.  The Supreme Court held that Frady

7    would need to demonstrate cause and actual prejudice to overcome the default.  Id. at 167-68.  The

8    Court then determined that Frady could not demonstrate actual prejudice, because the Court's

9    review of the record showed strong evidence of malice.  Id. at 171-74.  In other words, the analysis

10   of prejudice to excuse a procedurally defaulted claim regarding a jury instruction involves a review

11   of the merits.  However, when that review of the merits is solely for the purpose of applying a

12   procedural bar, the review does not mean that the procedural bar is not independent of federal law.

13   Moran v. McDaniel, 80 F.3d 1261, 1269 (9th Cir. 1996).  The Nevada Supreme Court did nothing

14   different from what the Supreme Court did in Frady.  Consequently, the state procedural bar is

15   independent of federal law.

16          Petitioner also argues that the procedural bar of § 34.810 is not adequate in cases involving

17   the Kazalyn instruction, because the Nevada Supreme Court has reached the merits of such claims

18   even though they were procedurally barred.  Petitioner first cites to four unpublished orders of the

19   Nevada Supreme Court for the proposition that a petitioner would have one year from the decision

20   in Polk v. Sandoval, 503 F.3d 903 (9th Cir. 2007), to file a state habeas corpus petition that

21   challenged the use of the Kazalyn instruction.  That argument is inapposite, because nobody is

22   claiming that ground 1 is procedurally barred due to being untimely pursuant to Nev. Rev. Stat.

23   § 34.726(1).  Next, petitioner cites to three unpublished orders of the Nevada Supreme Court that,

24   he argues, reached the merits of challenges to the Kazalyn instruction even though they should have

25   been procedurally barred.  The court disagrees.  Winfrey v. State, 2011 WL 222250 (Nev. Jan 13,

26   2011), contains nothing approaching a decision on the merits; the Nevada Supreme Court held that

27   the claim about the Kazalyn instruction was procedurally barred.  Nellums v. State, 2011 WL

28   486606 (Nev. Feb. 9, 2011) is inapposite because the Nevada Supreme Court ruled that it had

1   applied <u>Byford</u> on the direct appeal, and thus the same claim on post-conviction was barred by the

2   law of the case.  <u>Witter v. State</u>, 2010 WL 4673531 (Nev. Nov. 17, 2010), is closest to petitioner's

3   case, because the Nevada Supreme Court reviewed the evidence in its determination that Witter had

4   not demonstrated prejudice.  However, this is nothing different than what the Nevada Supreme

5   Court did in petitioner's case, and what the Supreme Court of the United States did in <u>Frady</u>, in

6   those determinations that prejudice was not demonstrated.  <u>Witter</u> is not proof that the Nevada

7   Supreme Court is discarding procedural bars to review claims about the <u>Kazalyn</u> instruction on their

8   merits.

9           Petitioner's argument that he can demonstrate cause and actual prejudice to excuse the

10   procedural default is, in its entirety, "An intervening change in the law is considered sufficient as a

11   matter of state and federal law to demonstrate cause and prejudice to excuse any procedural

12   default."  Opposition, at 23 (#26).  Petitioner's argument might be true for the purposes of showing

13   good cause.  However, as <u>Frady</u> itself demonstrates, petitioner still needed to show that he suffered

14   actual prejudice from the change in the law.  Petitioner makes no such demonstration.

15   Consequently, ground 1 is procedurally defaulted, and the court will dismiss it.

16           IT IS THEREFORE ORDERED that respondents' motion to dismiss (#23) is **GRANTED** in

17   part.  Ground 1 is **DISMISSED** with prejudice because it is procedurally defaulted.  Grounds 2, 3,

18   4, 5, 6, and 10 are unexhausted.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1

2

3

4

5

6

7

8

9

10

11

   IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to file a motion for dismissal without prejudice of the entire petition, for partial dismissal of grounds 2, 3, 4, 5, 6, and 10, or for other appropriate relief.  Within ten (10) days of filing such motion, petitioner must file a signed declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 that he has conferred with his counsel in this matter regarding his options, that he has read the motion, and that he has authorized that the relief sought therein be requested.  Failure to comply with this order will result in the dismissal of this action.

   DATED: February 19, 2013

_____
KENT J. DAWSON
United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-