# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CARLOS A. ESCOBAR,

    Petitioner,

vs.

ANTHONY SCILLIA, et al.,

    Respondents.

Case No. 2:10-cv-01973-KJD-NJK

**ORDER**

    Before the court are petitioner's motion for issuance of stay and abeyance order (#37), respondents' opposition (#43), and petitioner's reply (#47). The court finds that petitioner has shown good cause for the failure to exhaust his unexhausted grounds, and the court grants the motion.

    After the court appointed counsel to represent petitioner, petitioner filed an amended petition (#11). Respondents moved to dismiss the amended petition (#23), arguing that petitioner had not exhausted his available state-court remedies for grounds 1 through 7 and ground 10; respondents also argued that ground 1 was procedurally defaulted. In his opposition (#26), petitioner admitted that grounds 3, 4, 5, and 6 were not exhausted, and petitioner contested the other issues. The court granted the motion to dismiss in part, finding that petitioner had not exhausted grounds 2 through 6 and ground 10, and also finding that ground 1 was procedurally defaulted. Order (#32).

    To obtain a stay, petitioner must show that he has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Weber, 544 U.S. 269, 278 (2005).

1   What constitutes "good cause" is not yet fully defined. On one hand, a petitioner does not
2 need to show extraordinary circumstances that made it impossible for him to exhaust his state-court
3 remedies. Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). On the other hand:

> [A]s the Jackson court recognized, we must interpret whether a petitioner has "good cause" for a failure to exhaust in light of the Supreme Court's instruction in Rhines that the district court should only stay mixed petitions in "limited circumstances." . . . We also must be mindful that AEDPA [the Antiterrorism and Effective Death Penalty Act] aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court.

Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (citations omitted). The court continued:

> To accept that a petitioner's "impression" that a claim had been included in an appellate brief constitutes "good cause" would render stay-and-obey orders routine. Indeed, if the court was willing to stay mixed petitions based on a petitioner's lack of knowledge that a claim was not exhausted, virtually every habeas petitioner, at least those represented by counsel, could argue that he thought his counsel had raised an unexhausted claim and secure a stay. Such a scheme would run afoul of Rhines and its instruction that district courts should only stay mixed petitions in "limited circumstances."
>
> Additionally, were we to endorse such a broad interpretation of "good cause" that allowed for routine stays of mixed petitions, we would also be undermining the goals of AEDPA. In authorizing stays of habeas petitions only in "limited circumstances," Rhines explicitly acknowledges AEDPA's dual purposes: to reduce delays in executing state and federal criminal sentences and to streamline federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court. . . . Stays, however, delay the execution of sentences and reduce a petitioner's incentive to exhaust all claims in state court.

Id. (citations omitted, emphasis in original).

The court finds that good cause exists for the failure to exhaust ground 5. Ground 5 is a claim that the trial court erred in admitting the preliminary hearing testimony of Rocky Perez. In a hearing in the middle of the trial, Perez refused to testify at trial even after the court ordered him to testify. Perez stated that his preliminary hearing testimony was "not really" truthful. Ex. 145, at 108. The trial court ruled that Perez was not available to testify and allowed the reading of Perez's preliminary hearing testimony into the trial record. Petitioner claims that the trial court erred because Perez had admitted that his preliminary hearing testimony was not truthful.

Petitioner argues that the issue in ground 5 was not raised on direct appeal because of ineffective assistance of counsel. His argument in his motion is conclusory, and if nothing else was before the court, then the court would have found that good cause did not exist. However, ground 6 is a claim that trial counsel provided ineffective assistance for not objecting at trial to the admission

of Perez's preliminary hearing testimony.  The information provided in ground 6 is enough for the court to conclude that good cause exists for the failure to exhaust ground 5.[1]

The court also finds that ground 5 is not plainly without merit on its face and that petitioner has not been intentionally dilatory.  Consequently, a stay is justified for ground 5.

Having determined that the action should be stayed at least for petitioner to exhaust the issue in ground 5, the other unexhausted grounds can follow along.  The court sees no point in staying the action to allow petitioner to exhaust one ground while requiring him to dismiss other grounds.  The court expresses no opinion on the merits of both parties' arguments with respect to those grounds.

IT IS THEREFORE ORDERED that petitioner's motion for issuance of stay and abeyance order (#37) is **GRANTED**.

IT IS FURTHER ORDERED that this action is **STAYED** pending exhaustion of the unexhausted claims.  Petitioner shall return to this court with a motion to reopen within sixty (60) days of issuance of the remittitur by the Nevada Supreme Court at the conclusion of the state court proceedings.  Further, petitioner or respondents otherwise may move to reopen the action and seek any relief appropriate under the circumstances.

IT FURTHER IS ORDERED that the clerk of court shall administratively close this action until such time as the court grants a motion to reopen the action.

DATED: October 8, 2013

_____
KENT J. DAWSON
United States District Judge

---

[1] In using ground 6, the court does note a couple of issues.  First, ground 6 is a claim of ineffective assistance of trial counsel for not objecting to the admission of Perez's preliminary hearing testimony, while petitioner argues here that appellate counsel was ineffective for not raising the issue on direct appeal.  Second, ground 6 itself is not exhausted.  Third, petitioner does not raise in the amended petition (#11) a claim that appellate counsel was ineffective for failing to raise the issue of Perez's preliminary hearing testimony on direct appeal.  If this were a matter of procedural default, then an unexhausted claim of ineffective assistance of counsel could not be good cause to excuse the procedural default.  See Murray v. Carrier, 477 U.S. 478, 488-89 (1986).  However, the court of appeals has held in Jackson that the standard for "good cause" in the context of seeking a stay to exhaust unexhausted grounds is less stringent than the standard for "good cause" to excuse a procedural default.