1
2
3
4
5
6
7               **UNITED STATES DISTRICT COURT**

8                     **DISTRICT OF NEVADA**

9

10   CARLOS A. ESCOBAR,                          )

11                          Petitioner,          )      2:10-cv-01973-KJD-NJK

12   vs.                                         )      **ORDER**

13   ANTHONY SCILLIA, *et al.*,                  )

14                          Respondents.         )

15   _____/

16          This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Carlos A. Escobar, a

17   Nevada prisoner.  On March 10, 2015, respondents filed a motion to dismiss certain claims in

18   Escobar's petition, arguing that the claims are procedurally defaulted.  ECF No. 55.  On August 14,

19   2015, petitioner filed a motion to reconsider this court's previous dismissal of Ground One.  ECF

20   No. 67.  This order decides both motions.

21          I.  PROCEDURAL BACKGROUND[1]

22          Escobar was convicted in the state district court for Clark County, Nevada, of discharge of a

23   firearm at or into a vehicle (count I), attempted murder with the use of a deadly weapon (count II),

24   and first-degree murder with the use of a deadly weapon (count III).  On November 12, 1998, the

25   _____

26          [1]  This procedural background is derived from the exhibits located at ECF Nos. 12-17, 50, and
     56, and from this court's own docket entries.

court sentenced him to 6-72 months on count I, 53-240 months, plus an equal and consecutive sentence of 53-240 months for the enhancement on count II (to run concurrently with count I), and life without the possibility of parole, plus an equal and consecutive sentence of life without the possibility of parole for the enhancement on count III (to run consecutively to count II).  A judgment of conviction was filed on December 2, 1998.  Escobar appealed.  On August 11, 2000, the Nevada Supreme Court affirmed the judgment of the district court.

On November 14, 2000, Escobar filed a proper person state habeas petition in the state district court.  After appointed counsel delayed in filing a supplemental state habeas petition, Escobar filed a proper person petition for writ of mandamus with the Nevada Supreme Court.  The court granted the petition, ordering the state district court to appoint new habeas counsel.  Following appointment of new counsel, Escobar filed a supplemental brief in support of writ of habeas corpus on November 5, 2007, and an amended supplemental brief on December 3, 2007.

Following a hearing in the state district court, the court denied the state habeas petitions.  Escobar appealed.  On September 29, 2010, the Nevada Supreme Court affirmed.

Escobar then initiated this proceeding in November 2010.  Having been appointed counsel, Escobar filed an amended petition for writ of habeas corpus on October 27, 2011.

On February 19, 2013, this court granted, in part, respondents' motion to dismiss claims in that petition, finding Ground One to be procedurally barred and finding Grounds Two, Three, Four, Five, Six, and Ten to be unexhausted.  The court subsequently granted Escobar's motion for stay and abeyance.

On April 19, 2013, Escobar filed his second state habeas petition.  The state district court denied the petition, finding the petition untimely pursuant to Nev. Rev. Stat. § 34.726, second and successive pursuant to Nev. Rev. Stat. § 34.810, and barred by laches pursuant to Nev. Rev. Stat. § 34.800.  On September 16, 2014, the Nevada Supreme Court affirmed the denial of the second state

1    habeas petition, imposing both § 34.726 and § 34.810.  The court also found that Escobar failed to

2    demonstrate cause and prejudice to overcome the procedural bars.

3        On January 8, 2015, this court granted Escobar's motion to reopen his federal action.

4    Respondents now move to dismiss Grounds Two, Three, Four, Five, Six and Ten of Escobar's

5    amended federal petition as procedurally barred.  Petitioner asks the court to reconsider its dismissal

6    of Ground One.

7        II. PROCEDURAL DEFAULT

8        In *Coleman v. Thompson*, 501 U.S. 722 (1991), the United States Supreme Court held that a

9    state prisoner's failure to comply with the state's procedural requirements in presenting his claims to

10   the state court is barred from obtaining a writ of habeas corpus in federal court if the procedural bar

11   imposed by the state court was independent of the federal question and adequate to support the

12   judgment.  *Coleman*, 501 U.S. at 729.  Where such a procedural default constitutes an adequate and

13   independent state ground for the denial of habeas corpus relief, the default may be excused only "if a

14   constitutional violation has probably resulted in the conviction of one who is actually innocent," or if

15   the prisoner demonstrates cause for the default and prejudice resulting from it.  *Murray v. Carrier*,

16   477 U.S. 478, 496 (1986).

17       A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established

18   at the time of the petitioner's purported default."  *Calderon v. United States District Court (Bean)*, 96

19   F.3d 1126, 1129 (9th Cir. 1996) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)); *see*

20   *also King v. Lamarque*, 464 F.3d 963, 966–67 (9th Cir. 2006).  A state procedural bar is

21   "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its

22   decision."  *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003).  A state court's decision is not

23   "independent" if the application of the state's default rule depends on the consideration of federal

24   law.  *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000); *see also Coleman*, 501 U.S. at 735

25

26
                                    3

1    (holding that there is no independent state ground for a state court's application of procedural bar

2    when the court's reasoning rests primarily on federal law or is interwoven with federal law).

3           Grounds Two, Three, Four, Five, Six and Ten of Escobar's amended federal petition were

4    presented to the state court for the first time in Escobar's second state post-conviction proceeding.

5    They were dismissed pursuant to the procedural rules noted in Section I., above.  The Ninth Circuit

6    has held that the Nevada Supreme Court's application of the timeliness rule in Nev. Rev. Stat. §

7    34.726(1) is an independent and adequate state law ground for procedural default.  *Moran v.*

8    *McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see Valerio v. Crawford*, 306 F.3d 742, 778 (9th

9    Cir. 2002).  The Ninth Circuit has also held that, at least in non-capital cases, application of the

10   abuse of the writ rule of NRS § 34.810(2) is an independent and adequate state ground for procedural

11   default.  *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207,

12   1210–12 (9th Cir. 1999).

13          The court finds that the Nevada Supreme Court's application of the procedural bars of Nev.

14   Rev. Stat. § 34.726 and Nev. Rev. Stat. § 34.810 were independent and adequate grounds for the

15   state court's dismissal of Escobar's claims.[2]  Thus, Grounds Two, Three, Four, Five, Six and Ten  of

16   the petition are procedurally barred from federal review and must dismissed with prejudice unless

17   Escobar can show cause and prejudice to overcome the procedural bar, or that failure to consider the

18   defaulted claim will result in a fundamental miscarriage of justice.

19          Escobar argues that he can show cause and prejudice.  Specifically, he contends that the

20   default of Grounds Two, Three, Six and Ten should be excused under *Martinez v. Ryan*, 132 S.Ct.

---

21

22          [2] Escobar argues that the Nevada Supreme Court's holding in *Brown v. McDaniel,* 331 P.3d 867 (2014), undermines the adequacy of the procedural bars imposed against him.  The court in *Brown* held that the rationale for excusing procedural defaults adopted by the U.S. Supreme Court in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), (discussed below) does not apply in Nevada post-conviction proceedings. *Brown*, 331 P.3d at 872-75.  Escobar's *Brown* argument fails for many reasons, not the least of which is that *Brown* was not a deviation from the Nevada Supreme Court's pre-existing position on the matter. *See id.* at 870 ("We have consistently held that the ineffective assistance of post-conviction counsel in a noncapital case may not constitute 'good cause' to excuse procedural defaults.").

26

1309, 1320 (2012), because he received ineffective assistance of state post-conviction counsel and that the default of Grounds Four and Five should be excused because he received ineffective assistance of direct appeal counsel.

1. *Grounds Two, Three, Six and Ten*.

The Court in *Coleman* held that ineffective assistance of counsel in post-conviction proceedings does not establish cause for the procedural default of a claim. *Coleman*, 501 U.S. at 750. In *Martinez*, the Court established a "narrow exception" to that rule. The Court explained that,

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S.Ct. at 1320. Although the Court appeared to limit the exception to claims that counsel was ineffective at trial, the Ninth Circuit has expanded the doctrine to include claims that counsel was ineffective on direct appeal. *Nguyen v. Curry*, 736 F.3d 1287, 1295 (9th Cir. 2013).

In *Clabourne v. Ryan*, 745 F.3d 362 (9th Cir. 2014),[3] the Ninth Circuit provided guidelines for applying *Martinez*, summarizing the analysis as follows:

> To demonstrate cause and prejudice sufficient to excuse the procedural default, therefore, *Martinez* . . . require[s] that Clabourne make two showings. First, to establish "cause," he must establish that his counsel in the state postconviction proceeding was ineffective under the standards of *Strickland [v. Washington*, 466 U.S. 668 (1984)]. *Strickland*, in turn, requires him to establish that both (a) post-conviction counsel's performance was deficient, and (b) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different. Second, to establish "prejudice," he must establish that his "underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."

*Clabourne*, 745 F.3d at 377 (citations omitted).

---

[3] *Clabourne* has been called into question on other grounds by *McKinney v. Ryan*, ___ F.3d ___, 2015 WL 9466506 (9th Cir. Dec. 29, 2015) (en banc).

In Ground Two, Escobar claims that his appellate counsel provided ineffective assistance by failing to raise as an issue on direct appeal the trial court's refusal to sever two separate murder charges.  In Escobar's first post-conviction proceeding, the Nevada Supreme Court concluded that Escobar waived this claim by failing to present it to the lower court.  ECF No. 17-35, p. 4.[4]  The court also concluded, however, that the claim would not have prevailed under *Strickland* because Escobar was acquitted on the second murder charge.  *Id*.

Thus, even if the underlying ineffective assistance of counsel (IAC) claim is a "substantial" one, Escobar cannot show that post-conviction counsel was ineffective under the *Strickland* standard. The procedural default of Ground Two shall not be excused.

Grounds Three, Six, and Ten all allege ineffective assistance of trial counsel.   The *Martinez* analysis with respect to these claims is intertwined, to a large extent, with the analysis of the underlying merit of each claim.  As such, the court will defer ruling on the *Martinez* issue until the merits of the grounds are briefed in respondents' answer and Escobar's reply brief.[5]

### 2. *Grounds Four and Five*

In Ground Four, Escobar claims a violation of his constitutional rights arising from the state trial court's failure to properly instruct the jury as to the elements of first degree murder in relation to the killing for which he was convicted.  In Ground Five, Escobar alleges constitutional violations based on the trial court allowing the preliminary hearing testimony of a State's witness (Rocky Perez) to be read to the jury.

---

[4]  References to page numbers for ECF documents are based on CM/ECF pagination.

[5]  Respondents argue that, while *Martinez* may provide a basis for Escobar to overcome the successive petition bar under § 34.810, it fails to justify Escobar's failure to comply with the timeliness rule under § 34.726 and his twelve year delay in bringing his second state habeas petition.  This nexus argument has some merit, but it has little force here given that Escobar's first post-conviction proceeding remained pending in the Nevada courts for ten years and he diligently continued to pursue collateral relief upon the conclusion of that proceeding.

1    Escobar contends that ineffective assistance of appellate counsel serves as cause for the

2    defaults related to these two claims and that he was prejudiced by his counsel's failure to raise these

3    issues on direct appeal.  Because Escobar had a constitutional right to counsel on direct appeal,

4    ineffective assistance of counsel in that proceeding can constitute "cause" to excuse a procedural

5    default.  *Coleman*, 501 U.S. at 752-53.

6         The problem for Escobar, however, is that his claims of ineffective assistance of appellate

7    counsel in relation to these claims are themselves defaulted.  ECF No. 50-6.  Thus, they cannot be

8    the basis for cause, unless he can show cause and prejudice with respect to those claims also.  *See*

9    *Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000).  Escobar has not attempted to do so. Thus, the

10   procedural defaults of Grounds Four and Five shall not be excused.

11        III.  DISMISSAL OF GROUND ONE

12        In Ground One, Escobar claims a constitutional violation because the jury instructions on

13   first degree murder at his trial failed to define the necessary elements of "willfulness, deliberation,

14   and premeditation," as set forth in *Byford v. State*, 994 P.2d 700 (Nev. 2000), a decision that was

15   issued before his conviction became final.  As noted above, this court dismissed the ground as

16   procedurally defaulted in its February 19, 2013, order deciding respondents' prior motion to dismiss.

17   ECF No. 32. Escobar now argues that determination should be set aside because the claim was

18   actually decided on the merits in state court.

19        As recounted in the February 2013 order, the Nevada Supreme Court concluded that the

20   claim was procedurally defaulted under the state's successiveness bar (Nev. Rev. Stat. § 34.810)

21   unless Escobar to could show good cause and actual prejudice.  *Id*., p. 7.  The state supreme court

22   ruled that the timing of the *Byford* decision in relation Escobar's direct appeal provided "good cause"

23   for his failure to raise the issue on direct appeal but that Escobar failed to show prejudice.  *Id*.

24        On the latter issue, the Nevada Supreme Court stated as follows:

25        However, Escobar fails to show prejudice.  At least three witnesses testified that the
         party where the shooting occurred was peaceful until Escobar confronted the victim,
26

7

asked him if he belonged to a rival gang, and challenged him to fight.  The forensic evidence also strongly supports the proposition that Escobar acted willfully and with deliberation:  Escobar shot the surviving victim some half-dozen times, walked to the van from which the victim had emerged, and shot into the vehicle, killing one of the occupants who was crouched down inside. . . . Moreover, the jury was instructed on, and heard sufficient evidence to support, Escobar's guilt under NRS 200.450(3) (death resulting from challenge to fight punished as first-degree murder).  Accordingly, Escobar failed to demonstrate that the Kazalyn instruction prejudiced him and the district court therefore did not err in denying this claim.

ECF No. 17-35, p. 3 (citation and footnote omitted).

According to Escobar, the Nevada Supreme Court's prejudice analysis was not independent of federal law, so Ground One is not procedurally defaulted for the purposes of federal court review. In support of this argument, Escobar points to the holding in *Davis v. Ayala*, 135 S.Ct. 2187 (2015). In that case, the U.S. Supreme Court held that the California Supreme Court's determination that petitioner's alleged federal errors were harmless beyond a reasonable doubt under *Chapman v. California*, 386 U.S. 18 (1967), constituted an adjudication of petitioner's constitutional claim "on the merits" for the purposes of 28 U.S.C. § 2245(d). *Ayala*, 135 S. Ct. at 2198.  In addition, Escobar claims that although the Nevada Supreme Court did not apply the *Chapman* standard in rejecting Ground One, it should have, which, according to him, is all the more reason this court should entertain Ground One on the merits.

This court does not agree that it erred in dismissing Ground One.  To begin with, the Court in *Ayala* was simply addressing whether a state court's harmless error determination on *a substantive habeas claim properly before the federal court* was subject to the restrictive standards imposed by 28 U.S.C. § 2254(d).  *See id*. at 2198-99.  *Ayala* does not speak to whether a state court's harmless error determination in addressing cause and prejudice to overcome a procedural bar undermines the independence of the procedural bar.

More to the point, where a state court has found sufficient cause to overcome a procedural default, its prejudice analysis is typically going to evaluate whether the underlying constitutional error was harmless.  Under Escobar's logic, a procedural default must be excused any time the state

8

court addresses prejudice in this manner.  Without stronger legal authority, this court is not willing to recognize such a significant alteration of existing procedural default doctrine.  *See Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir.1996) (holding a Nevada state rule independent where the court only discussed the merits of the claim "strictly for the purpose of demonstrating that [Moran] cannot overcome his procedural defaults by a showing of cause and prejudice").

**IT THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 55) is GRANTED in part and DENIED in part.  For reasons discussed above, Grounds Two, Four, and Five are dismissed from the petition.

**IT IS FURTHER ORDERED** that respondents' shall have **forty-five (45) days** from the date this order is entered within which to file an answer to the remaining claims in the petition, including arguments as to whether the procedural defaults of Grounds Three, Six, and Ten should be excused based on *Martinez v. Ryan*.  Petitioner shall have **thirty (30) days** following service of respondents' answer within which to file a reply.

**IT IS FURTHER ORDERED** that petitioner's motion to reconsider dismissal of Ground One (ECF No. 67) is DENIED.

**IT IS FURTHER ORDERED** that pending motions to extend time or file excess pages (ECF Nos. 59, 61, 62, and 63) are all GRANTED *nunc pro tunc* as of their respective filing dates.

Dated this ___24___ day of February, 2016.

_____
UNITED STATES DISTRICT JUDGE

9