# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CARLOS ESCOBAR, | Case No. 2-10-cv-01973-KJD-NJK |
| Petitioner, | ORDER |
| v. | |
| BRIAN E. WILLIAMS,[1] *et al.*, | |
| Respondents. | |

Pending before the court are petitioner's motion for leave to file second amended petition (ECF No. 79), motion to seal exhibit (ECF No. 81), and motion for stay and abeyance (ECF No. 83).

Petitioner seeks to add three claims to his pending habeas petition – all premised on an allegation that the State of Nevada is refusing to observe petitioner's correct date of birth, thereby depriving him the benefit of Nev. Rev. Stat. § 213.12135. Made effective on October 1, 2015, the statute mandates that a person sentenced as an adult for an offense committed when he or she was younger than 18 years old is eligible for parole after serving 15 years if the crime did not result in death, or after 20 years if it did. Nev. Rev. Stat. § 213.12135. Petitioner is currently serving a life sentence without possibility of parole on a first degree murder conviction and claims to have already served twenty years.

Petitioner has filed a petition for writ of mandamus in the Nevada courts that, if granted, would compel the Nevada Department of Corrections to recognize petitioner's claimed date of birth and determine him eligible for parole. ECF No. 80-17. He asks this court to stay proceedings in this habeas case and hold them in abeyance until he

---

[1] Brian E. Williams is substituted for Anthony Scillia as warden of High Desert State Prison. *See* Fed. R. Civ. P. 25(d).

completes his state court litigation. For reasons that follow, this court will deny petitioner's motions.

Matters relating to state sentencing law generally are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court decisions on state-law grounds."). Nonetheless, a state court's misapplication of state sentencing law may violate due process if "[the error] is so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992). Here, petitioner's allegations do not establish that the State has misapplied Nevada's sentencing laws. Instead, they merely show that there is a factual dispute as to petitioner's actual date of birth.

More importantly, to the extent petitioner is asking this court to require the State of Nevada recognize his parole eligibility, such relief is not available by way of a federal habeas petition. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (internal quotations and citations omitted). A habeas petition is the exclusive vehicle for claims brought by state prisoners that fall within "the core of habeas." *Id.* Conversely, "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." *Id.* Where success on a petitioner's habeas claim would not necessarily lead to his immediate or earlier release from custody, the claim does not fall within "the core of habeas corpus." *Id.* at 934–35.

In *Nettles*, a prison inmate serving an indeterminate life sentence with the possibility of parole was found guilty of a disciplinary infraction and, as a result, had thirty days of good time credits revoked. 830 F.3d at 927. The inmate filed a habeas petition in federal district court seeking restoration of the loss of good time credits and expungement of the rule violation report that led to the loss of good time credits. *Id.*

The Ninth Circuit held that the district court lacked jurisdiction over the inmate's claim because expunging his rules violation report "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." *Id.* at 934–35. Although a rule violation is relevant to whether a prisoner is suitable for parole, "the presence of a disciplinary infraction does not compel the denial of parole, nor does an absence of an infraction compel the grant of parole." *Id.* Accordingly, the Ninth Circuit held that the inmate's challenge to the rules violation report did not lie "at the core of habeas." *Id.*

Likewise, in this case, petitioner's mere eligibility for parole does not result, perforce, in his immediate or speedier release. Instead, "[t]he decision of whether or not to grant parole lies within the discretion of the parole board and the creation of standards does not restrict the Parole Board's discretion to grant or deny parole." *Wydeven v. Warden, Lovelock Corr. Ctr.*, 238 P.3d 867 (Nev. 2008) (citing Nev. Rev. Stat. § 213.1099(2)). Thus, under *Nettles*, this court lacks jurisdiction over the claims petitioner seeks to add to his habeas petition. Accordingly, the court must deny petitioner's motion for leave to amend his petition and his motion for stay and abeyance.

IT IS THEREFORE ORDERED that petitioner's motion for leave to file second amended petition (ECF No. 79) and motion for stay and abeyance (ECF No. 83) are both DENIED.

IT IS FURTHER ORDERED that petitioner's motion for leave to file exhibit under seal (ECF No. 81), respondents' motion for extension of time (ECF No. 84), and motion for late filing (ECF No. 85) are all GRANTED *nunc pro tunc* as of their respective filing dates.

DATED  July 10, 2018

_____
UNITED STATES DISTRICT JUDGE